Good morning, your honors. It's an honor to speak to you today and I want to point out my client, I'll start right in. I know this court has asked me to address Menendez and Julio, which I will in one moment, but I want to talk about how we got here today. My client pled guilty to California Penal Code 288.3 and his criminal counsel were very careful to craft the plea agreement to avoid reference to any specific subsection. There's 14 different statutes which provide the scienter necessary and some of them do not incrime moral turpitude. So this was very important when he crafted his deal for the criminal case. So anyway, they thought they had done a pretty good job of that and it turned out that the government said, no, you didn't craft it correctly. You pled to 288.3 with reference to 288 and 288 is a CMT, therefore you're deportable. And indeed he was ordered deported. So the reason that this was such an issue in pleadings with the government is because if he pled to 288.3 with reference to 288, then he is convicted of a crime of moral turpitude, he's deportable and that's the end of the story. And so we argued, the government and the respondent, the petitioner, that this was not the case. So then all of a sudden we finished our briefing and then the court were ready for oral arguments and the court says, wait a minute, what about these intervening cases that came out after briefing was over? So I'm going to turn to those cases. So we've been avoiding 288, his criminal attorney and us at all points to avoid 288 because we felt 288 was a hot potato. Well, now the court says, well, it's not such a hot potato. It is categorically not a crime of moral turpitude. So the court in Menendez basically said that it was not a conviction, it was overly broad because of two reasons. First, counsel, before you get into that, didn't you waive any argument based off of whether or not 288 is a crime of moral turpitude? Well, I don't know if we waived the argument. We argued that he didn't plead to 288 and the government's arguing that we pled to 288. I think we also, I don't have complete recollection of all my arguments in the briefing. I'd have to go back and look, but I would not assume that we waived it. Well, I mean, the BIA found that a conviction of 288.3 with specific intent of 288 is categorically a crime of moral turpitude. I reviewed your briefing. I didn't see your briefing challenging that ruling. Well, I can't speak to that, your honor. I hope that we did not waive it. If we did, it would be unintentional. But again, your honor, we have intervening nicer to case law, which would address, you know, that has to be taken into consideration because that came out after we finished our pleadings. Right. So are you requesting an exception to the waiver based off of the new case law or what are you requesting now? Whenever, yes, of course, because whenever there's intervening, even if there was a decision, we could always go back and reopen. So we might as, we don't have, we don't have that problem here, your honor. So have you looked, this is Judge Molloy. Have you, in the cases, the most recent case, have you looked at Moran versus Barr, which was decided June 2nd? And if so, how does that affect your case controlled by Morales instead of Menendez or Iguilos? I'm afraid I don't, Morales, I don't know, your honor. I have to look at the case, but we have intervening case law here. And if you decide to decide this case without reference to which is what we were told to consider. And you're right. I haven't looked at a case that came down. I guess you said yesterday. I wasn't even aware of it. The, these two cases would find my client has no problem with that. These cases say that it's not a CMT because it's overly broad. And if you ordered him deported on that, or you reserve these, if you maintain the order of deportation, it would be on old law that didn't exist at the time we made the arguments. And I certainly hadn't spoken to 288 before. So even if we do deem that we could reach this issue, can this court decide that or do we need to remand to the BIA for them to decide first? Well, I think the BIA, you could remand it. You have the power to do so, so that we could, but however, I will say that the case law, if Menendez, assuming that there's no problems with procedure, Menendez and Julius would clearly show that he's not, even if it relates back to 288, that's not a CMT. Well, is 288.3 a CIMT? No, categorically not. That's why the government was arguing that it had to relate back to 288. It can't be. It relates to 14 different statutes. It doesn't have its own scienter requirement. But counsel, the statute at issue in Menendez is not the exact statute at issue here, correct? I mean, it's, I acknowledge it's similar, but it's not identical, correct? No, it's not. But it does relate back to 288. And the case in Mendez is even more egregious. Ours is like an attempt statute, an attempt to communicate for lewd and lascivious. Um, in Mendez, it was an actual attempt. Uh, you had to have some action and it's in the court. Seems to me that normally we don't, we don't address issues that the BIA did not address. And if the BIA did not address Menendez and how it applies to this subsection, I guess you can say a 288. Seems to me the normal course we do is remand the case to the BIA, which I think would be what you'd want us to do here. I'm sure, uh, opposing counsel is going to tell us why we do that. I would think you'd want us to send it back to the BIA. Is that, I mean, look, the best thing of course, would be for us to say, you're right. You win. It's over. That's correct. Assuming the law doesn't let us go that far. It seems to me judge Bumate's question is right on the money. And that the best thing you can ask for here is a remand to consider your client's case in light of Menendez. Is that, am I right in my thinking there? Well, if it's necessary, let me explain. The government's argument is that we were convicted of 288.3 with reference to 288. So even if you reject our argument in that regard, and it is indeed, he pled guilty to 288.3 with reference to 288. This court has ruled that 288 is categorically not a CMT. So I'm not quite sure. And again, the BIA may not agree with you, but it's stuck in the ninth circuit. If you make the ruling and you've made the rulings, I don't know how they're going to get around Menendez versus Whitaker. Well, 288.3 has the defense to mistake of age. One of its elements is that the defendant reasonably knew the age of the victim. So wouldn't that cure the problems addressed in Menendez? No, because it's got, my understanding, well, first of all, Menendez basically said, look, it's not a CMT because it punishes conduct that's not reprehensible, not say, okay, I've got the knowledge. What about the act, the actus reus? It doesn't have the actus reus because it punishes conduct that's not per se vile. That's what they ruled. And that's what the purpose of, not the purpose, but that's what Julio's laid out pretty well. There's no question that Menendez said 288 is not a CMT, categorically. And Julio's made it clear, it's like an explanation point on Menendez saying it lacks reus, it lacks, I'm sorry, actus reus and mens reus. So, even if I give the government mens reus, it lacks the act. I don't see how it can be a CMT. Judge Owens clearly made it very clear what would be the optimum result. The Ninth Circuit would rule in our favor. But obviously, if it's not inclined to rule in our favor, of course, we would take a remand because we feel fairly comfortable that Menendez protects my client and he gives him the benefit of the bargain that he thought he made. I'm going to reserve my time. Very good. Thanks. All right. Ms. Greer, you can hear us okay? Yes. Can you hear me well? We can. You may proceed. Thank you. May it please the court, Christina Greer on behalf of the government. Your honors, as opposing counsel set forth, there are two issues here. And as to the first, Saeed's record of conviction clearly shows that 288 was the underlying offense. According to the minutes from his criminal proceeding, he pleaded guilty as to count two of the original information. That's on page 180 of the administrative record. It does not say that that charge or that count had been amended in any way. And then when you look to count two, it states that he was convicted of unlawfully contacting a minor with the intent to commit an offense in section 288, which is lewd act upon a minor. And he knew or reasonably should have known that the person was a minor. So under this court case law in Kabantak, the minute order is sufficient to establish the fact of conviction. And there's no evidence that, as I stated, there was any sort of amendment to the information as to that count such that it would obscure what he was convicted of. As the Supreme Court of California stated in People v. West, when there's a plea agreement, the details of the plea agreement should be stated in the criminal record such that the judge understands what the purpose of the plea agreement was. And here there's no indication that that language was supposed to do any special duties. So the language that I'm referring to is on page 190 of the record in a plea form. Petitioner wrote, instead of unlawful contact with a minor for the purpose of or with intent to commit a crime under 288, he stated with the required intent. It's unclear if that's supposed to obscure which statute or if that is supposed to refer back to what the count in the original information states. So the government does not believe that the record here compels the conclusion that the underlying statute is in any way obscured. So if there are no questions about that issue, I'll move on to the second issue, the crime involving moral turpitude issue. So first of all, to be a crime involving moral turpitude, the offense must be vile, base or depraved and violate accepted moral standards. And the board has held that sexual offenses with a minor by an adult categorically involve moral turpitude. In matter of Silva Trevino, it stated that there must be certain age requirements and knowledge of the age of the child, which is satisfied here. And later in matter of Jimenez-Cedillo, the board stated that there's no mens rea required as to the age. But again, that doesn't matter here because under matter of Silva Trevino, this offense is categorically a crime involving moral turpitude. Counsel, before you get further down this road, hasn't the petitioner waived this any challenge to whether or not that conviction is a crime of moral turpitude? Yes, the government argued that in the answering brief and respond or petitioner did not in the reply brief, there's no challenge to that waiver argument. Again, petitioner nearly argued that the underlying offense can't be determined from the record. And so in his opening brief, he did not challenge the board's decision that this is a CIMT. And then after we pointed that in our answering brief, petitioners did not raise it in the reply brief either. But counsel, when the board made that decision, it did not have the benefit of our Menendez? It did not. Importantly, though, the Menendez decision, and this is sort of getting into a little bit of the case history of Menendez, but the Menendez decision, in Menendez, the board decision under review had not, was pre-Matter of Jimenez-Cedillo. In Matter of Jimenez-Cedillo, the board stated that any sexual offense against the minor is a CIMT regardless of a lack of mens rea as to the age. And so the government actually asked the court to consider that in a rehearing petition to Menendez. And the court said it didn't need to just recently, about a month ago, it stated it didn't need to, that the board could consider that on remand, and then it would come back up to the court naturally. So Menendez, regardless, Menendez doesn't really have an impact here. Now, Menendez did come out after this board's decision. So the board didn't have the benefit of Menendez, but we argue that it didn't need the benefit of Menendez. It didn't need to address it. So the government reads Menendez. So wouldn't Menendez undermine the board's rationale here? If you look at the footnote in its decision, it said that it doesn't matter which subsection of 288 Mr. Syed was convicted of, because any subsection of 288 is a crime of moral torpitude categorically. So doesn't it undermine that rationale to an extent, but I don't think that remand is necessary because again, this statute is not the same as the statute of Menendez. Council argued that this 288.3 is essentially an attempt statute, an attempt to commit 288, but it's not. It's a different type of crime with a different type of mens rea. As Judge Malloy pointed out, this case should be to be a crime involving moral torpitude. That again was a communication with a child for a moral purpose. And sort of going through, I'll step back just a minute to go back to Menendez, because I think that a discussion of morale is helpful in light of Menendez, because Menendez cited morale approvingly. So the government reads Menendez as looking at three factors, not saying because there's no mens rea and because no actus reus, or the actus reus doesn't rise to the level that it's not a crime involving moral torpitude. That's what the court did was look at three different factors and stated that these three together make it not a crime involving moral torpitude. The first is the lack of the mens rea added to the age. Second, the court found that it covered, or that 288 covered outwardly innocuous conduct. And third, it found that 288 was not similar to other crimes found to be morally torpitudinous by the court. But 288.3 doesn't, all three of these factors actually weigh in favor of 288.3 being a crime involving moral torpitude. First, The BIA never reached any of these issues. Wouldn't it make more sense to just remand it back to the BIA for them to reach some of these issues that you're making right now first, and then we can review it when it comes up on appeal? It could, but this case has already been to the Ninth Circuit twice. And so there's almost a fear of there being sort of a game of ping pong with the case when there is a Ninth Circuit case on I believe that, I'll have to go back and check, but I believe that the board in this case did cite to Morales and Morales hasn't changed. In fact, as I was about to say, the Ninth Circuit and Menendez cited Morales favorably and said that the statute of Morales, which is again, a communicating with a minor for moral purposes, similar to this statute, which is communicating with a minor with the intent of committing a lewd act with the minor. The Menendez court found that Morales was still good law. And that 288 was different than that communication statute on Morales. And as I stated, the board said that this statute is similar to the one Morales, or at least cited it as a similar statute that also controls here. It sounds like you want us to reach this issue then that you're okay with that option to waiver that we should address whether Menendez impacts, whether or not the 288.3a conviction is a crime of moral. Is that correct? No, we, our first argument in this waiver, but we interpreted the court's order as potentially stating that the court would be viewing that argument as not waived and therefore wanted to have a robust argument since we did not have the benefit of briefing the issue. So if the court decides that waiver or that there's an exception to the waiver argument, then we believe that this is a crime involving moral turpitude and that Menendez is distinguishable. And in fact, as I stated, supports this case or support this 288.3 being a crime involving moral turpitude. And furthermore, judge Malloy also pointed out the court's decision in Lefe Moran that was issued on Tuesday. And that case further supports this argument because Lefe Moran reiterated a sort of, pardon me, the difference between Menendez if there is one can be reconciled by what the court has continuously stated. And that is that it considers the Actus Reas and the Mens Rea in concert to determine whether the behavior they describe as sufficiently culpable be labeled morally turpitude. And here there's a heightened Mens Rea, a heightened intent to contact a minor for the purpose of engaging in a lewd act with that minor. And so it does involve an evil and malicious intent, which is what is inherent in a crime involving moral turpitude. Did I answer that? What about opposing counsel's argument that Menendez Actus Rea went down? And so the fact that 288.3 has the knowledge doesn't impact that problem. So the government reads Menendez, and I know that Judge Owens was on the panel, and that's why I'm stating that this is how the government interprets Menendez, is that it was three different factors. It wasn't, it's not Mens Rea check, Actus Reas check. As Lefe Moran stated, it's those two things in concert that will determine whether something is morally turpitudinous. And so in Moran, or in Menendez, there was no Mens Rea as to the age. Plus, the court said that even though there may be a victim of a protected class, that the conduct was, could be outwardly innocuous, such as a hug that was warmly received, even though it's for the sexual gratification of the offender. And so it looked at both of those things. It didn't look at, it's not, neither is dispositive. The lack of one means that it's not a crime involving moral turpitude. Again, it's considering both the Mens Rea and the Actus Rea. And when it stated, when the court stated that the conduct in 288 was not similar to any other offense that had been found to be a crime involving moral turpitude by the court, it distinguished 288 from the Washington statute of communicating with a child for immoral purposes that was considered by Morales and distinguished the Actus Rea required for 288 from that communication statute and agreed that Morales may continue to be good law that communicating with a minor for immoral purposes, or like here, with the intent to commit a lewd act with that child continues to be a crime involving moral turpitude because it does have the evil and malicious intent and it is vile based or depraved and violates accepted moral standards. Just one more question, returning it back to the waiver issue. I apologize for that. But you acknowledge that one of the exceptions to the waiver doctrine is intervening case law. Is there any reason why we shouldn't apply that exception to the waiver doctrine? I don't think so. Because unlike an attempt statute, with an attempt statute, we look to the underlying statute to determine does that statute, is that statute morally turpitudinous and therefore an attempt to commit that statute would be. But this is not an attempt statute. I'm sorry. I was asking whether or not we should apply an exception to the waiver, whether or not Syed waived this argument. And one of the basis for not finding waiver is if there's intervening case law. Is there any reason why we shouldn't apply that exception? Could you repeat the question? I apologize. You're cutting in and out a little for me as well. I was just asking whether or not there's a reason why we shouldn't apply the exception to the waiver doctrine that there's intervening case law. And we would argue there's truly not intervening case law because again, and that's consistent. I get it. Okay. Thank you, Your Honor. If there are no additional questions, the government respectfully requests that the court deny this petition for review. Thank you. All right. Thank you, Ms. Greer. Mr. Sturman, you have almost five minutes. Hold on. Okay. Am I back? Yes. Okay. Well, first of all, my client, the government has the burden of clear and convincing evidence of what he pled to. And counsel just argued that the record wasn't clear. She just said it. Second of all, she recites the minute order not being clear. I have the minute order in front of me on page 180. And it says, the defendant, it's not out of context. 190, which is the page where he hand wrote what he was pleading to. If you look at the first line on page 180, it says, the defendant has been advised of his constitutional rights and consequences of writing and pleading pursuant to the guilty plea form. We're referring directly to this form, not to the minutes. And as you just heard her say that the government isn't certain to what he was pleading, she's just said it. So since it's their burden, I don't see, if they don't know if he was pleading to 288, and I can see the unclearness. I'm not unreasonable. Perhaps the criminal attorney should have withdrawn the complaint and had it redone, but he didn't. And we have what we have. Second of all- Counsel, why doesn't the minutes cure that problem? The minutes clearly state that he pled guilty to the original information. The defendant pleads guilty as to count two. Yeah, because like I said, well, it's not in the minutes, it's in the plea agreement where he hand wrote it. And the minutes are, it is in the minutes on March 20th, 2014. It says it's with result written pursuant to the plea form. So there may be some inconsistency in what, not inconsistency, there may be some lack of clarity as to what he was pleading guilty to, but that accrues to his benefit. Well, I don't see the ambiguity here. It says clearly to the original information, defendant pleads guilty as to count two. Yes, but you're, are you looking at on page 180 of the- I'm looking at 181. Look at page 180 if you can, your honor. I'll read it for the benefit. The defendant has been advised of the cost, this is an amended order, of the constitutional rights and waivers and consequences in writing pursuant to the guilty plea form. The defendant makes the plea with the full understanding of all matters set forth in the charging document and the guilty plea form. It's both. So if you want to read, you want to say, okay, it's count two as pled, as charged. Well, that's fine, but it's not clear. I don't think it's clear. And the government said it's not clear. They're simply saying it is, that it is 288 without regard to the order. But at that point, we come back to the issue. If it's truly not clear, then they haven't been able to meet their burden. Second of all, there is intervening case law. And even if this decision had preceded Menendez, well, my client could have come back in and asked for a rehearing. And we're, we don't have to get to that. Third, she mentioned that the case has already been to the ninth circuit. It was brought back, not because of us, but because the government wanted remand. So obviously we would like this case to be decided on its merits and on the grounds that I don't see how the BIA can overrule Menendez, but that's all I have to say on that. I hope that the court will see fit to grant the relief, the petitioner receipts. Okay. Unless my colleagues have any questions. All right. I want to thank both counsel for their argument and their briefing. It was very helpful. This matter is submitted. Thank you again. Thank you.
judges: Owens, Bumatay, Molloy